LAW OFFICES
**ROBERT S. LEWIS, P.C.**
ATTORNEY AND COUNSELLOR AT LAW
53 BURD STREET
NYACK, NEW YORK 10960

PHONE  (845) 358-7100
FAX  (845) 353-6943
E-MAIL:  ROBERT.LEWLAW1@GMAIL.COM

November 12, 2013

*Via First class mail*
Michael Driscoll, Esq.
Andrea Schwartz, Esq.
United States Bankruptcy Court
201 Varick Street
Suite 1006
New York, NY 10004

RE:    ***In re Tucci Equipment Rental Corp.***
       ***Case No:  13-12094-REG***

Dear Mr. Driscoll:

Enclosed herein please find an Application for Order to employ James Lotito, Esq., as construction counsel, an Affidavit of the President of the Debtor in support of said application and Affirmation from Mr. Lotito in support of said application, a copy of the Letter of Engagement between the above referenced debtor and the proposed counsel. We have included a diskette with a proposed order authorizing Mr. Lotito's employment in this matter for your approval.

If acceptable, please indicate and forward to Judge Gerber for his signature and posting to the Court's ECF website.

I appreciate your attention to this matter.  Thank your for your consideration.

Very truly yours,

NICOLE L. PERSKIE

NLP/nlp
Enc.
C:    ECF
      Tucci Equipment Rental Corp.

NICOLE L. PERSKIE
*Proposed Counsel for the Debtor*
53 Burd Street
Nyack, New York 10960
(845) 358-7100

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
MANHATTAN DIVISION
-------------------------------------------------------X
In re:

TUCCI EQUIPMENT RENTAL CORP.,

                                                  CHAPTER 11
                                                  Case No. 13-12094-reg

                        Debtor.

-------------------------------------------------------X

### APPLICATION FOR ORDER AUTHORIZING EMPLOYMENT OF ATTORNEY

TO: THE HONORABLE ROBERT E. GERBER, U.S. BANKRUPTCY JUDGE:

    The application of the above-named debtor respectfully represents:

1. On June 25, 2013 your applicant filed a petition under Chapter 11 of the U.S.

   Bankruptcy Code;

2. Applicant wishes to employ JAMES LOTITO, ESQ., as "special construction counsel"

duly admitted to practice in this Court to represent it in this case;

3. Your applicant has selected JAMES LOTITO, ESQ., for the reason that he has had

considerable experience in matters of this character, and is well qualified to represent it;

4. The professional services JAMES LOTITO, ESQ., will render are:

    a. to represent the Debtor in connection with contract administration and potential

litigation of existing emergency demolition contracts and any and all related matters, issues or

questions on which the firm is consulted.

    b. to review construction contracts and prepare construction contracts with sub-

contractors.

  c. to file and discharge liens and represent the debtor with regard to issues and disputes with surety companies in connection with various projects.

  5. That to the best of your applicant's knowledge, JAMES LOTITO, ESQ., does not does not hold or represent any interest adverse to the Estate and is a disinterested person, does not and will not, while employed by the Debtor, represent in connection with this case the creditors, or any other party in interest, or their respective attorneys and accountants, within the meaning of 11 U.S.C. Section 101(14), and has no relationship with the office of the U.S. Trustee.

  6. Your applicant's undersigned is the President of the debtor.

  7. Your applicant desires to employ JAMES LOTITO, ESQ., under a general retainer. See retainer annexed hereto.

  8. Upon information and belief, a committee of creditors has not been appointed or designated herein.

  9. No previous application has been made for the relief sought herein.

  **WHEREFORE**, your applicant respectfully prays that he be authorized to employ JAMES LOTITO, ESQ. under a general retainer to represent them as Debtor in this case, and that he have such other and further relief as to this Court may seem just and proper.

Dated: October 22, 2013
   Nyack, New York

           /s/
        TUCCI EQUIPMENT RENTAL CORP.
         By: Anthony Martucci, President

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

In re:

TUCCI EQUIPMENT RENTAL CORP., and                       CHAPTER 11
ANTHONY MARTUCCI
                                                        Case No. 13-12094
                                    Debtors.            (Jointly Administered)

------------------------------------------------------------X

## AFFIDAVIT IN SUPPORT OF APPLICATION TO EMPLOY
## JAMES LOTITO, ESQ. AS SPECIAL CONSTRUCTION COUNSEL

ANTHONY R. MARTUCCI, being duly sworn, deposes and states that:

1. I am the President of the debtor in this matter, and as such I am fully familiar with the facts and circumstances herein through personal knowledge and a review of books and records in my possession.

2. I am the President and sole shareholder of Tucci Equipment Rental Corp. an "S" Corporation located at 336 Barretto Street, Bronx New York 10474. The business has been operating for 27 years as a sewer and demolition contractor for the City of New York.

3. Tucci Equipment Rental Corp., seeks to have JAMES LOTITO, ESQ., employed as special construction counsel under attached retainer.

4. JAMES LOTITO, ESQ., does not have an interest adverse to the Debtor.

5. I further believe it is in the best interest of Tucci Rental Equipment Corp., to employ JAMES LOTITO, ESQ., as special construction counsel.

_____/s/_____
ANTHONY R. MARTUCCI

Dated:        Nyack, New York
              October 22, 2013

1

Robert S. Lewis, Esq.
*Attorney for the Debtor*
53 Burd Street
Nyack, New York 10960
(845) 358-7100

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
In re:

TUCCI EQUIPMENT RENTAL CORP., and                    CHAPTER 11
ANTHONY MARTUCCI
                                                     Case No. 13-12094
                                    Debtors.         (Jointly Administered)
-------------------------------------------------------------X

## AFFIRMATION OF PROPOSED ATTORNEY

        JAMES LOTITO, ESQ., an attorney duly licensed to practice law in the Courts of the

State of New York, affirms and states as follows in support of debtor Tucci Equipment Rental

Corp.'s application to employ:

        1.      I am the proposed construction attorney for Tucci Equipment Rental Corp.

("Debtor"), in connection with the above-captioned matter. As such, I am fully familiar with the

facts and circumstances of this matter through conversations with the Debtor and a review of the

Debtor's books and records in my possession.

        2.      This affirmation is submitted in support of to Debtor's Application to Employ the

undersigned.

        3.      I am an attorney at law duly admitted to practice in the State of New York and in

this Court.

        4.      I am a partner with the law firm of Smith, Gambrell & Russell, LLP, located at

250 Park Avenue, 19th Floor, New York, New York 10177.

        5.      The professional services I will render are as follows:

a.    to represent the Debtor in connection with contract administration and potential litigation of existing emergency demolition contracts and any and all related matters, issues, or questions on which the firm is consulted.

b.    to review construction contracts and prepare construction contracts with sub-contractors;

c.    to file and discharge liens and represent the Debtor with regard to issues and disputes with surety companies in connection with various projects.

6.    The Debtor desires to employ JAMES LOTITO, ESQ. of Smith, Gambrell & Russell, LLP under a general Letter of Engagement which is annexed as "Exhibit A".

5.    That the undersigned does not hold or represent any interest adverse to the Estate and of 11 U.S.C. Section 101(14), and has no relationship with the office of the U.S. Trustee.

6.    No agreement exists between myself or any other person, for the sharing of compensation to be received by my firm, in connection with the services rendered in this case.

7.    I will seek compensation for services rendered and for reimbursement of expenses incurred pursuant to 11 USC Section 330, as set forth in my Letter of Engagement, annexed hereto as Exhibit "A". The Debtor has been advised that I will bill it for services performed as provided in the Letter of Engagement.

8.    The terms of the Letter of Engagement are fair and reasonable to the Debtor, creditors and your affirmant.

9.    Your affirmant is experienced in construction law related matters.

10.    I have agreed to accept an hourly retainer in the amount of $425.00 per hour through December 31, 2013 at which point I will accept $450.00 per hour through 2014.

**WHEREFORE,** based upon the foregoing, your affirmant respectfully requests that the within Application for Retention be granted, together with such other and further relief as this Court may deem just and proper.

Dated: October 16, 2013

/s/
_____

JAMES LOTITO, ESQ.
*Proposed Construction Attorney for*
 *Debtor and Debtor-in-Possession*
*Tucci Equipment Rental Corp.*
*SMITH, GAMBRELL & RUSSELL, LLP*
250 Park Avenue, 19th Floor
New York, New York 10177

*Suite 1900*
*250 Park Avenue*
*New York, New York 10177*
*Main: 212 907-9700*
*Fax: 212 907-9800*
*www.sgrlaw.com*

**SMITH, GAMBRELL & RUSSELL, LLP**

*Attorneys at Law*

*James Lotito*
*Partner*
*Direct Tel: 212-907-9764*
*Direct Fax: 212-907-9864*
*jlotito@sgrlaw.com*

*Practicing as*
*The HARTMAN & CRAVEN Law Group*

September 30, 2013

Tucci Equipment Rental Corp.
336 Barretto Street
Bronx, NY 10474
Attn: Anthony Martucci

     Re:   Engagement Letter
           Tucci Equipment Rental Corp.

Dear Mr. Martucci:

    This will confirm that, subject to the approval of the U.S. Bankruptcy Court for the Southern District of New York, Smith Gambrell & Russell, LLP (sometimes hereinafter referred to as the "Firm") has been retained/engaged by Tucci Equipment Rental Corp. (sometimes hereinafter referred to as the "Client") to represent the company in connection with contract administration and potential litigation of existing emergency demolition contracts and any and all related matters, issues or questions on which the Firm is consulted, on the basis set forth herein. We appreciate the opportunity to serve you. Our goals are to provide you with legal services of the highest quality and efficiency and to help you accomplish your objectives.

    Our relationship should begin with a mutual understanding of expectations and should continue with full and candid communications between us throughout the course of our representation. Please let us know promptly if you have any questions at any time regarding any aspect of our Firm's work for you.

    The purpose of this letter is to set forth the terms and conditions under which this Firm undertakes to represent you. This letter and the attachments/exhibits/enclosures will also apply to any other matters for which you retain this Firm now or in the future, unless otherwise agreed in writing. Our responsibilities under this agreement are to provide legal counsel and assistance to you in accordance with this letter, and to provide statements to you that indicate the basis for our fees and charges.

SGR/11421147.1



*Atlanta, Georgia | Frankfurt, Germany | Jacksonville, Florida | New York, New York | Washington, D.C.*

Tucci Equipment Rental Corp.
September 30, 2013
Page 2

*The Identity of Our Client*. Our client in this engagement will be Tucci Equipment Rental Corp. (and not any of its partners, investors, agents, or affiliates). In the course of our serving as legal counsel, we are authorized to take instructions from Anthony Martucci as to all matters relating to our representation of Tucci Equipment Rental Corp.

*How We Charge For Our Services*. James Lotito will generally be the supervising attorney on behalf of the Firm and will bill for his time on an hourly basis. His current billing rate is $425 per hour through 2013 and will increase to $450 per hour effective January 1, 2014. We will engage such other partners, associates and paralegals as are necessary for the efficient handling of the matters contemplated by this engagement and wherever possible will try to move the work to a person with a lower billable rate that has the skills necessary to competently complete the applicable task. The manner in which we typically charge for our legal services is set forth in Exhibit A. Disbursements, if any, for telephone charges, courier services, photocopying, and other out-of-pocket expenses as detailed in Exhibit A will also be billed and itemized separately. To the extent that our policies differ from the U.S. Trustee's Guidelines we will comply with those Guidelines.

*Retainer*. In the event litigation or other adversarial proceeding (e.g. arbitration or mediation) ensues, a separate advance retainer payment will be required, and, in that event, you should note that the outcome of a lawsuit is subject to the vagaries and risks inherent in the litigation process; accordingly, it is understood that we can make no promises or guarantees to you concerning the outcome.

*Client Responsibilities*. You agree to cooperate fully with us and to provide promptly all information known or available to you relevant to our representation. You further agree to maintain contact with us during the course of the representation.

During the course of our engagement, we may express opinions or beliefs to you about the effectiveness of various courses of action or about the results that might be anticipated. Such statements are expressions of opinion only, and should not be construed as promises or guaranties.

*Termination*. Either the Firm or you may terminate the engagement at any time for any reason by written notice, subject on our part to applicable rules of professional conduct. If permission for withdrawal is required by a court, we will promptly apply for such permission, and you agree to engage successor counsel to represent you.

*Conclusion of Representation; Retention and Disposition of Documents*. Unless previously terminated, our representation of you will terminate upon our sending our final statement for services rendered in this matter or a closing statement, or otherwise

Tucci Equipment Rental Corp.
September 30, 2013
Page 3

communicating to you in writing that the Firm's representation of you has concluded. Following such termination, any nonpublic information you have supplied us and which is retained by us will be maintained in accordance with applicable rules of professional conduct. At your request, and upon receipt of payment for outstanding fees and costs, your papers and property will be promptly returned.

Our own files pertaining to our engagement may be retained by the Firm. Firm files include, for example, Firm administrative records, time and expense reports, personnel and staffing materials, and credit and accounting records; and internal lawyers' work product such as drafts, notes, internal memoranda, and legal and factual research, including investigative reports, prepared by or for the internal use of lawyers. All such documents retained by the Firm will be transferred to the person responsible for administering our records retention program. For various reasons, including the minimization of unnecessary storage expenses, we reserve the right to destroy or otherwise dispose of any such documents or other materials retained by us within a reasonable time after the termination of the engagement, usually five years.

*Post-Engagement Matters*. You are engaging the Firm to provide legal services in connection with a specific matter. After completion of that matter, changes may occur in the applicable laws or regulations that could have an impact upon your future rights and liabilities. Unless you engage us after completion of the matter to provide additional advice on issues arising from the matter, or specifically ask us to reevaluate the matter as part of our ongoing representation, the Firm has no continuing obligation to advise you with respect to future legal developments. This also includes any continuing obligation, whether during or after our engagement, to monitor future filings that may be necessary.

*Fee Disputes/ Arbitration Option*. New York law provides that clients of attorneys practicing in New York have the right to arbitrate fee disputes under certain circumstances. If you use the services of our attorneys practicing in New York and those specified circumstances are applicable, you will be entitled to require that any dispute concerning fees be submitted to arbitration pursuant to Part 137 of Title 22 of the Official Compilation of Codes, Rules and Regulations of the State of New York. A copy of Part 137, and of applicable rules and forms for the arbitration of fee disputes, are attached hereto or enclosed herewith. You hereby confirm that you have read and agree to those provisions. In the event of any fee dispute between us which we are not required to arbitrate, we hereby agree that such disputes may be litigated in the State or Federal Courts in New York, County New York, and that the laws of the State of New York shall govern.

Tucci Equipment Rental Corp.
September 30, 2013
Page 4

*Internal Discussions*.  As part of the Firm's operations, we from time-to-time have internal discussions about the Firm's business and affairs and our representation of clients. You agree that such internal discussions constitute confidential internal communication of the Firm, and you will not seek the disclosure of such internal communication even if it directly or indirectly concerns the Firm's representation of you.

*General*.  By executing this engagement agreement, you hereby acknowledge that you: (i) have received, read and understood this engagement agreement; (ii) have had the opportunity to discuss this engagement agreement with this Firm; (iii) have been notified by this Firm that you have a right to an arbitration of legal disputes arising under this engagement agreement for fees that range between $1,000 and $50,000; and (iv) are in receipt of a copy of the attached/enclosed rules and forms for the resolution of fee disputes pursuant to Part 137 of the Rules referenced above.

Also enclosed are copies of the Statement of Client's Rights, Statement of Client's Responsibilities and a copy of our Privacy Policy Notice.

If the foregoing correctly reflects your understanding of the terms and conditions of our representation, please indicate your acceptance by executing a copy of this engagement letter in the space provided below (or on the following page) and returning it to our office.

We are pleased to have this opportunity to represent you.  Please sign a copy of this letter and return it as soon as possible.

Very truly yours,

**SMITH GAMBRELL & RUSSELL LLP**

By: James Lotito, Partner

SGR/11421147.1

Tucci Equipment Rental Corp.
September 30, 2013
Page 5

## APPROVAL OF ENGAGEMENT

The undersigned has read the above engagement letter and hereby agrees to its terms, and consents to Smith, Gambrell & Russell, LLP's representation of the undersigned on the terms set forth in the above letter, all effective as of the date on which Smith, Gambrell & Russell, LLP first provides/provided services to the undersigned.

TUCCI EQUIPMENT RENTAL CORP.

By:_____

**EXHIBIT A**

# SMITH, GAMBRELL & RUSSELL, LLP
### ATTORNEYS AT LAW

### HOW WE CHARGE FOR OUR SERVICES
### AND EXPENSES

At Smith, Gambrell & Russell, LLP, we want each client relationship to be productive and satisfying for both parties. We believe one way to accomplish that goal is to explain at the outset the basis and manner in which we charge for our services and expenses.

Unless some other arrangement has been agreed upon with you, our practice is to submit monthly statements for services and expenses. This practice ensures that you have a current understanding of charges and expenses incurred. The work we have performed on your behalf will be described in the monthly statement.

### SERVICES

You will have an attorney who is responsible for each matter we undertake for you. In addition to serving as your primary contact and either performing or overseeing all services provided for you, this attorney will review and approve each statement you receive. The factors we consider in determining the amount of each statement for fees are:

1.    The time and labor required for the work performed.

2.    The experience and skill of the person performing the work -- normally this is reflected in our hourly rates.

3.    Any special characteristics of the matter such as (a) the novelty or complexity of the work; (b) the extent to which we are able to utilize prior work product or experience to your significant advantage; and (c) time constraints imposed by the nature of the work.

4.    The results achieved and the overall value of our work. If we have played a material role in obtaining a result for you with benefits which are disproportionate to our time charges, we may at the end of a particular undertaking request a fee which exceeds our hourly charges in order to reflect more fairly the value of our services. In such event, we would discuss with you the fee proposed to be charged.

### EXPENSES

You also will be invoiced for direct expenses incurred in the course of providing legal service to you, such as photocopying, telephone charges, fax charges, research, couriers and secretarial/word processing overtime.

At Smith, Gambrell & Russell, LLP, we make every effort to add expenses we have paid on your behalf to your bill with no mark-up for handling, and no surcharge for the cost of carrying the charge until payment is made by you. Thus, filing fees, incorporation fees, charges from court reporters, and similar expenses will appear on your bill at the amount actually disbursed by us on your behalf.

You will be asked to pay directly certain larger expenses, such as consultants, court reporters, expert witness fees and charges for volume copying that are invoiced by persons or companies outside our firm for your account.

In an effort to control the quality, timeliness of performance and cost of support services, we have acquired equipment and created service centers within the firm to provide or to assist in providing certain support services for clients. Where necessary or appropriate, we also use the services of outside suppliers of services in combination with our own staff. In those situations where our staff performs or participates in the performance of services or our equipment is utilized in connection with those services, we bill clients expenses in amounts which take into account the cost to us of the involvement of our staff and use of our equipment. Overall it is our intent to provide the highest possible quality support service and to comply with the timeliness and confidentiality requirements of clients.

Several categories of expenses involving a service provided, in whole or in part, using our equipment or staffed with our people, deserve further comment. In these cases we take into account certain costs reasonably allocable to the service performed in addition to direct payments to employees and vendors. We have made it a priority to monitor the cost of expenses incurred on our clients' behalf, and to maintain the most cost-effective environment possible, while still ensuring high quality, efficiency and confidentiality for our clients. We regularly examine our costs, and will notify you of any changes in the following.

1.   Photocopying. We charge 15¢ per page for photocopying. In arriving at an appropriate charge, we have taken into account not only the direct cost of materials, photocopying equipment leased through an outside vendor (including personnel who do and supervise the photocopying), as well as some cost attributable to equipment maintained to keep track of copies we make for you. We recognize that our charge of 15¢ per copy is more than per copy costs for routine jobs at some copy centers to which documents may be delivered, but there are many benefits to you such as efficiency and confidentiality, when we do the copying for you in-house. We commonly send large uncomplicated copy projects to outside copy facilities when timeliness and confidentiality permits. We are always happy, upon your request and where appropriate, to send materials to you for copying or to send materials to be copied to outside vendors who will bill you directly.

2.   Telephone Charges. Our long distance telephone service is provided by AT&T. We have charge recording equipment which records the destination and the length of each call and assigns a charge to that call based on the AT&T tariff which we are charged for calls to that city for non-operator assist calls. Operator assist calls are recorded as well on separate charge recording equipment. We then adjust the charges to reimburse us for that portion of our telephone access charges which we pay for access to long distance services used on behalf of our clients (including T-1 lines utilized for outbound long distance calls). We absorb all local access charges and long distance access charges allocable to our own long distance calls.

3.   Fax Charges. We charge 25¢ per page for outgoing faxes. We do not charge for incoming faxes. The 25¢ charge is derived from our costs (computed in a manner similar to the photocopy charge for our costs relating to fax equipment including dedicated fax lines, fax servers and supplies for the fax machines) for operating our fax machines. In reaching our per-page charge we have divided those total costs by the number of outgoing fax pages. In effect, therefore, both your incoming and outgoing fax costs are paid for by the 25¢ charge on outgoing faxes. If the fax is made via a long distance telephone call, you will also be charged for that call.

4.   Messengers. We do not charge for messengers based on a cost calculation. Rather, our messenger charge is what we are charged by outside providers for the service plus a $5 charge for dispatching, coordinating and tracking the deliveries via various courier services. In order to keep our costs low, we maintain only very limited in-house courier support. In the instances we can utilize our own courier, we pass along to you a reasonable charge for their work. Normally, courier work performed by our staff is charged to you at a rate lower than that charged by outside providers, usually $5 plus mileage.

5.   Computerized Legal Research. We receive monthly billings from the providers of computerized legal research (e.g., Lexis and Westlaw, etc.) for use of those services. We pass along to you the direct charge for the computer time incurred on your behalf, plus a 12.5% adjustment representing our cost of providing in-house computer equipment, dedicated telephone lines, access software and other equipment and access charges dedicated to computerized legal research. Our experienced research staff operates in the most efficient, yet thorough, manner possible. Whenever possible, we take advantage of promotional or training time that is provided at no charge to us by the legal research providers.

6.   Overnight Couriers. We use Federal Express and Airborne for the bulk of our overnight courier services because of a favorable discount. Both these vendors charge us a discounted rate according to the delivery zone of the package, and we add 8.4% to that charge to cover our costs to maintain computerized equipment and telephone lines for these services as well as personnel who send and track these overnight packages.

7.   Secretarial/Document Production Overtime. When secretarial/document production overtime is necessary to meet your (not our) needs that cannot be met within normal working hours, we will charge you for our overtime expense. In most instances, this is calculated at $55 per hour. Overtime worked by a few individuals whose earnings warrant are charged at $60 per hour.

8.   Document Production Services. Our document production department is staffed regularly from 7:00 a.m. until 3:30 p.m. Monday through Friday. You are not charged for work done between those hours. Instead, if your needs require, overtime is charged for extra work beyond those hours of operation. We may request that you pay for document production services only in unusual circumstances. In that event, we will consult with you concerning the proposed charges.

We receive some discounts because of Smith, Gambrell & Russell, LLP's general volume use of certain services and we generally pass along to you at least half the discount we receive whenever possible. When a special discount is obtained by reason of the use of a service solely on your behalf, those special discounts are passed along to you in their entirety.

Our responsibility is to make sure that you receive a complete, accurate, and fair monthly statement. We strongly encourage you to raise promptly with us any questions or comments you may have regarding any statement. In return, we expect payment of our statements within 30 days of receipt. If your account is not kept current we must reserve the right to terminate our representation in accordance with applicable ethical rules.

## STATEMENT OF CLIENT'S RIGHTS

1.  You are entitled to be treated with courtesy and consideration at all times by your lawyer and the other lawyers and nonlawyer personnel in your lawyer's office.

2.  You are entitled to have your attorney handle your legal matter competently and diligently, in accordance with the highest standards of the profession. If you are not satisfied with how your matter is being handled, you have the right to discharge your attorney and terminate the attorney-client relationship at any time (court approval may be required in some matters and your attorney may have a claim against you for the value of services rendered to you up to the point of discharge).

3.  You are entitled to your lawyer's independent professional judgment and undivided loyalty uncompromised by conflicts of interest.

4.  You are entitled to be charged a reasonable fees and expenses and to have your lawyer explain before or within a reasonable time after the commencement of the representation how the fees and expenses will be computed and the manner and frequency of billing. You are entitled to request and receive a written itemized bill from your attorney at reasonable intervals. You may refuse to enter into any arrangement for fees and expenses that you find unsatisfactory. In the event of a fee dispute, you may have the right to seek arbitration: your attorney will provide you with the necessary information regarding arbitration in the event of a fee dispute, or upon your request.

5.  You are entitled to have your questions and concerns addressed promptly and to receive a prompt reply to your letters, telephone calls, emails, faxes and other communications.

6.  You are entitled to be kept reasonably informed as to the status of your matter and are entitled to have your attorney promptly comply with your reasonable requests for information, including your requests for copies of papers relevant to the matter. You are entitled to sufficient information to allow you to participate meaningfully in the development of your matter and make informed decisions regarding the representation.

7.  You are entitled to have your legitimate objectives respected by your attorney.  In particular, the decision of whether to settle your matter is yours and not your lawyer's. (Court approval of a settlement is required in some matters.)

8.  You have the right to privacy in your communications with your lawyer and to have your confidential information preserved by your lawyer to the extent required by law.

9.  You are entitled to have your attorney conduct himself or herself ethically in accordance with the New York Rules of Professional Conduct.

10.  You may not be refused representation on the basis of race, creed, color, religion, sex, sexual orientation, age, national origin or disability.

## STATEMENT OF CLIENT'S RESPONSIBILITIES

1.      The client is expected to treat the lawyer and the lawyer's staff with courtesy and consideration.

2.      The client's relationship with the lawyer should be one of complete candor and the client should apprise the lawyer of all facts or circumstances of the matter being handled by the lawyer even if the client believes that those facts may be detrimental to the client's cause or unflattering to the client.

3.      The client must honor the fee arrangement as agreed to with the lawyer to the extent required by law.

4.      All bills tendered to the client for services rendered pursuant to the agreed upon arrangement regarding fees and expenses should be paid when due.

5.      A client who discharges the attorney and terminates the attorney-client relationship must nevertheless honor financial commitments under the agreed to arrangement regarding fees and expenses to the extent required by law.

6.      Although the client should expect that his or her letters, telephone calls, emails, faxes and other communications to the lawyer will be answered within a reasonable time, the client should recognize that the lawyer has other clients who may be equally deserving of the lawyer's time and attention.

7.      The client should maintain contact with the lawyer, promptly notify the lawyer of any change in telephone number, address, email, or other electronic contact information, and respond promptly to a request from the lawyer for information and cooperation.

8.      The client must realize that the lawyer is required to respect only legitimate objectives of the client and that the lawyer will not advocate or propose positions that are unprofessional or contrary to law or the New York Rules of Professional Conduct.

9.      The lawyer may decline to accept a matter of the lawyer has previous personal or professional commitments that will prohibit the lawyer from devoting adequate time to representing the client competently and diligently.

10.     A lawyer is under no obligation to accept a client if the lawyer determines that the cause of the client is without merit, a conflict of interest would exist or a suitable working relationship with the client is not likely.

## PRIVACY POLICY NOTICE

Whether you are a current or a former client of Hartman & Craven LLP, we want to thank you for granting us the privilege of serving as your law firm. We also want to take this opportunity to inform you that, under a new federal law, attorneys who advise on *personal* financial matters and/or who provide *personal* real estate settlement services now may be required to inform all non-business individual clients of their policies regarding privacy of client information. Attorneys have been and continue to be bound by professional standards of confidentiality that are even more stringent that those required by this law. Therefore, we have always protected your right to privacy.

In the course of providing our individual clients with income tax, estate tax, and gift tax advice and/or real estate settlement services, we receive nonpublic personal information from and about our clients. If you are a client of Hartman & Craven LLP you should know that all nonpublic personal information that we receive from current and former clients is held in confidence, and is not released to people outside the firm, except as agreed to by you, or as required or permitted by law.

We retain records relating to professional services that we provide so that we are better able to assist you with your professional needs and in some cases, to comply with professional guidelines. In order to guard your nonpublic professional personal information, we maintain physical, electronic, and procedural safeguards that comply with our professional standards.

Thank you again for allowing us to serve as your counsel.

UCS 137-3 (5/02)



### STANDARD WRITTEN INSTRUCTIONS AND PROCEDURES
### TO CLIENTS FOR THE RESOLUTION OF FEE DISPUTES PURSUANT
### TO PART 137 OF THE RULES OF THE CHIEF ADMINISTRATOR

Part 137 of the Rules of the Chief Administrator of the Courts provides a procedure for the arbitration (and in some cases mediation) of fee disputes between attorneys and clients in civil matters. Your attorney can provide you with a copy of Part 137 upon request or you can download a copy at http://www.nycourts.gov/admin/feedispute. Fee disputes may involve both fees that you have already paid to your attorney and fees that your attorney claims are owed by you. If you elect to resolve your dispute by arbitration, your attorney is required to participate. Furthermore, the arbitration will be final and binding on both your attorney and you, unless either of you seeks a trial *de novo* within 30 days, which means either of you reject the arbitrator's decision by commencing an action on the merits of the fee dispute in a court of law within 30 days after the arbitrator's decision has been mailed. Fees disputes which may not be resolved under this procedure are described in Part 137.1 of the Rules of Chief Administrator of the Courts: representation in criminal matters; amounts in dispute involving a sum of less than $1000 or more than $50,000 unless the parties consent; and claims involving substantial legal questions, including professional malpractice or misconduct. Please consult Part 137.1 for additional exclusions.

Your attorney may not bring an action in court to obtain payment of a fee unless he or she first has provided written notice to you of your right to elect to resolve the dispute by arbitration under Part 137. If your attorney provides you with this notice, he or she must provide you with a copy of the written instructions and procedures of the approved local bar association-sponsored fee dispute resolution program ("Local Program") having jurisdiction over your dispute. Your attorney must also provide you with the "Request for Fee Arbitration" form and advise that you must file the

SGR/10764566.1

Request for Fee Arbitration with the local program within 30 days of the receipt of the notice. If you do not file the Request within those 30 days, you will not be permitted to compel your attorney to resolve the dispute by arbitration, and your attorney will be free to bring a lawsuit in court to seek to obtain payment of the fee.

In order to elect to resolve a fee dispute by arbitration, you must file the attached "Request for Fee Arbitration" with the approved local program. An updated list of local programs is available at http://www.nycourts.gov/admin/feedispute or by calling 877-FEES 137 (877- 333-7137). Filing of the Request for Fee Arbitration must be made with the appropriate local program for the county in which the majority of legal services were performed.   Once you file the Request for Fee Arbitration, the local program will mail a copy of the request to your attorney, who must provide a response within 15 days of the mailing.  You will receive at least 15 days notice in writing of the time and place of the hearing and of the identity of the arbitrator(s). The arbitrator(s) decision will be issued no later than 30 days  after the date of the hearing.   You may represent yourself at the hearing, or you may appear with an attorney if you wish.

Some local programs may offer mediation services in addition to arbitration. Mediation is a process by which those who have a fee dispute meet with the assistance of a trained mediator to clarify issues and explore options for a mutually acceptable resolution. Mediation provides the opportunity for your attorney and you to discuss your concerns without relinquishing control over the outcome and of achieving a result satisfactory to both of you. Participation in mediation is voluntary for your attorney and you, and it does not waive any of your rights to arbitration under these rules. If you wish to attempt to resolve your dispute through mediation, you may indicate your wish on the Request for Fee Arbitration form.

More information, including an updated list of local programs, is available at:
http://www.nycourts.gov/admin/feedispute or by calling  (877) FEES 137.

UCS 137-1 (11/01)

## NOTICE OF CLIENT'S RIGHT TO ARBITRATE

## A DISPUTE OVER ATTORNEYS FEES

The amount of $_____ is due and owing for the provision of legal services with respect to _____. If you dispute that you owe this amount, you have the right to elect to resolve this dispute by arbitration under Part 137 of the Rules of the Chief Administrator of the Courts. To do so, you must file the attached Request for Fee Arbitration within 30 days from the receipt of this Notice, as set forth in the attached instructions. If you do not file a Request for Fee Arbitration within 30 days from the receipt of this Notice, you waive the right to resolve this dispute by arbitration under Part 137, and your attorney will be free to bring a lawsuit in court to seek payment of the fee.

Dated:_____

_____

_____

_____

[Attorney's name and address]

SGR/10764566.1

UCS 137-2 (5/02)

### NOTICE OF CLIENT'S RIGHT TO ARBITRATE

### A DISPUTE OVER A REFUND OF ATTORNEYS FEES

You claim that you are entitled to a refund in connection with legal fees you have paid the undersigned in the matter of _____

_____. The undersigned disputes the refund that you are claiming. You have the right to elect to resolve this fee dispute by arbitration under Part 137 of the Rules of the Chief Administrator of the Courts. To do so, you must file the attached Request for Fee Arbitration within 30 days from the receipt of this Notice, as set forth in the attached instructions.

If you do not file a Request for Fee Arbitration within 30 days from the receipt of this Notice, you waive the right to resolve this dispute by arbitration under Part 137.

Dated:_____              _____

                                     _____

                                     _____

                                     [Attorney's name and address]

UCS 137-4a (9/03)

| (Office Use Only) |
|---|
| Date Received: _____ |
| Case Number: _____ |

## CLIENT REQUEST FOR FEE ARBITRATION

1. Your name, address and telephone number:

   Name:

   Address:

   Telephone Number:

2. Name, address and office telephone number of the law firm and/or attorney who handled your matter:

   Name:

   Address:

   Telephone Number:

3. If your attorney filed a lawsuit on your behalf, in which county and court was the lawsuit filed?

   Court: _____   County: _____

4. On what date did your attorney first agree to handle your case?

   _____, 20___

5. Briefly describe the type of legal matter involved and what your attorney agreed to do in the course of representing you (attach a copy of the written retainer agreement, letter of engagement, or other papers describing the fee arrangement, if any):

SGR/10764566.1

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
MANHATTAN DIVISION

-----------------------------------------------------------X

In re:

TUCCI EQUIPMENT RENTAL CORP.                    CHAPTER 11
                                                Case No. 13-12094-REG

                Debtor.

-----------------------------------------------------------X

### ORDER AUTHORIZING EMPLOYMENT OF ATTORNEY

      UPON the annexed application of the above-named Debtor, seeking authority to employ

JAMES LOTITO to represent it as "Special Construction Counsel," and it appearing that JAMES

LOTITO, ESQ. is duly authorized to practice in this Court, and the Court being satisfied that said

attorney does not hold or represent any interest adverse to the Estate and is a disinterested person

within meaning of 11 U.S.C. Section 101(14), it is

      **ORDERED** that pursuant to 11 U.S.C. Section 327(e),TUCCI EQUIPMENT RENTAL

CORP., as such debtor, be and he is hereby is authorized to employ JAMES LOTITO, ESQ. to

represent it as "Special Construction Counsel" in this case, compensation to be fixed by the Court

upon proper application therefor.

      **ORDERED**, that the Application is granted to the extent provided herein.

      **ORDERED**, that to the extent the Application is inconsistent with this Order, the terms

of this Order shall govern.


      **ORDERED,** that, notwithstanding any provision to the contrary in the Application or the

Engagement Letter, the Court shall retain jurisdiction to hear and to determine all matters arising

from or related to implementation of this Order.

      **ORDERED**, that JAMES LOTITO, ESQ.,  shall be compensated for fees and reimbursed

for reasonable and necessary expenses and will file interim and final fee applications for

allowance of its compensation and expenses in accordance with sections 330 and 331 of the

Bankruptcy Code, the Bankruptcy Rules, the Local Rules, the Amended Order Establishing

Procedures for Monthly Compensation and Reimbursement of Expenses of Professionals, dated

December 21, 2010, the Amended Guidelines for Fees and Disbursements for Professionals in the

Southern District of New York, dated November 25, 2009, and the United States Trustee Fee

Guidelines;

ORDERED, that ten business days' notice must be provided JAMES LOTITO, ESQ. to

the debtors, the United States Trustee and any official committee prior to any increases in the

rates set forth in the Application and Engagement Letter, and such notice must be filed with the

Court.

ORDERED, that the JAMES LOTITO, ESQ. shall apply any remaining amounts of its

prepetition retainer as a credit toward postpetition fees and expenses, after such postpetition fees

and expenses are approved pursuant to the first Order of the Court awarding fees and expenses

to JAMES LOTITO, ESQ.

Dated:

_____
HON. ROBERT E. GERBER

_____
OFFICE OF THE U. S. TRUSTEE