UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
– – – – – – – – – – – – – – – – – – – – – – – x

| | |
|---|---|
| In re: | Chapter 11 |
| | Case No. 13-12094 (REG) |
| TUCCI EQUIPMENT RENTAL CORP. | |
| and ANTHONY R. MARTUCCI, | Jointly Administered |
| Debtors. | |

– – – – – – – – – – – – – – – – – – – – – – – x

### ORDER LIFTING STAY AND GRANTING FURTHER RELIEF TO SURETY

Upon the motion of First National Insurance Company of America (the "**Surety**") (Documents #30 and #63 filed by the Surety), initially filed as a cross-motion (Document #30) in response to the Debtors' motion seeking a cash collateral order (Document #24) (which resulted in the Court's issuance of the order filed as Document #36), and thereafter renewed and supplemented (Document #63), it is hereby declared that the Surety, as surety for Debtor Tucci Equipment Rental Corp. ("**Tucci**"), is not prohibited or impeded by the automatic stay imposed by 11 U.S.C. § 362 from exercising any rights it may have under or for enforcement of any alleged absolute assignment from Tucci which became effective pre-petition, which the Court has found, on the record presented, includes the Assignments which were submitted with the Surety's said motion, concerning Tucci's bonded contracts with the City of New York, provided, however, that this order is without prejudice to any party's ability to contend that the assignment was not absolute, and provided further that to the extent, if any, to which the *S*urety is paid in full, it will account to the estate for any surplus proceeds.

Also upon such motion as renewed and supplemented, the automatic stay is hereby lifted to the extent it does or may apply to the Surety in relation to the Surety's

1

performance of the Surety's obligations under the surety bonds it issued, as surety, on behalf of Tucci, as principal, or the Surety's administration of any claim under such bonds, and the corresponding enforcement of the Surety's rights against Tucci as bond principal and/or against the bond obligee or any other person or entity associated with such bonds or bonded contracts, or under or relating to the general agreements of indemnity and/or assignments executed in favor of the Surety by Tucci, and/or the contracts described in the said surety bonds, whether at law or in equity and whether in the **S**urety's own right or by way of subrogation to the rights (a) of Tucci as its bond principal, or (b) of any third-party beneficiary bond claimants to whom the Surety shall have made payment pursuant to any such surety bond, or (c) of the City of New York as the obligee of any such surety bond, provided, however, that this order is without prejudice to any party's ability to contend that the assignment was not absolute, and provided further that to the extent, if any, to which the **S**urety is paid in full, it will account to the estate for any surplus proceeds.

In regard to such rights of the Surety and the lifting of the automatic stay to permit enforcement of such rights by the Surety, the Court has specifically found and determined that based upon the record before the Court, including but not limited to the papers filed on the Surety's motion and also Tucci's Small Business Monthly Operating Report filed September 11, 2013 (Document #18), the debtor Tucci has no intention and insufficient capability to properly complete the projects that were bonded by the Surety without assistance from the Surety sufficient for the Surety to become (if it has not already become) a "completing surety" for purposes of exercising the Surety's legal and equitable rights relating to the bonded projects and the contract balances arising from the bonded projects, along with the Surety's setoff rights preserved under 11 U.S.C. § 553.

The Court has further found that Tucci is permitted, as a debtor in possession operating in the ordinary course of its business, to continue its relationship and practices in relation to the Surety, in substantially the same manner as they have been conducted over the past two years prior to the filing of Tucci's Chapter 11 petition (and that the Surety's continuing to do so will not be deemed a violation by it of the automatic stay).

The Surety's request for an order directing the Debtors to assume or reject certain prepetition executory contracts is, on the current record, denied without prejudice, subject to renewal, as a matter of the discretion of the Court.  Nevertheless, it is directed that until and unless Debtors shall assume or reject, Debtors shall comply with all post-petition obligations under those agreements.  In the event Tucci shall refuse or fail to continue its relationship and practices in relation to the Surety, in substantially the same manner as they have been conducted over the past two years prior to the filing of Tucci's Chapter 11 petition, or shall fail or refuse to cooperate in a manner satisfactory to the Surety in relation to the Surety's efforts to arrange for completion of any of the bonded projects, the Surety may elect to file with this Court a notice to file election of assumption or rejection, whereupon, within fourteen (14) days after the filing of such notice Tucci shall assume or reject its contracts relating to the three bonded NYC Parks Department public improvement projects, and shall assume or reject its surety bonds it signed in relation to such contracts, and shall assume or reject the two General Agreements of Indemnity that Tucci executed in favor of First National relating to those contracts and bonds (the "Indemnity Agreements"), by filing a notice of assumption or rejection with this Court; and if Tucci fails to file such a notice all such contracts, bonds, and Agreements shall be deemed rejected.

Also upon such motion, as renewed and supplemented, it is hereby directed under

Bankruptcy Rule 2004, that the Debtors and their present and any former counsel shall promptly furnish the Surety copies of all job records and other documents in the possession of Debtors or of their counsel, concerning the bonded projects, including but not limited to all documentation concerning the entitlement of Tucci to be paid money by the City of New York under such bonded contracts, and the quantum of such monies payable, including all records concerning the quantities and values of the labor, materials, and services comprising the work performed on the bonded projects.

Also upon such motion, as renewed and supplemented, the automatic stay, if applicable, is hereby lifted pursuant to 11 U.S.C. § 362(d)(1) in regard to any legal action or proceeding which may hereafter be commenced by the Surety against non-debtor 336 Barretto Street, LLC a/k/a Barretto Street LLC a/k/a 336 Barretto LLC, and/or the assertion of any claim by the Surety in the mortgage foreclosure action heretofore commenced against such entity by Valley National Bank (which is the subject of a prior lift-stay order (Document #50).

Dated:  New York, New York
        February 27, 2014

                                            _s/ Robert E. Gerber_____
                                            Honorable Robert E. Gerber
                                            United States Bankruptcy Judge